RECEIVED

MAR 1 8 2011

TONY R. MOORE, CLERK
BY _____
    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| KEITH AND DEBBIE HOPKINS | 3:10-cv-01868 |
| VS. | JUDGE WALTER |
| STEVE PYLANT, qua SHERIFF OF FRANKLIN PARISH, LOUISIANA; ELLIS ROBINSON; AND GARY DON ROBINSON | MAGISTRATE JUDGE KIRK |

## Memorandum Ruling

Before the Court is a Motion to Dismiss [Doc. #12] filed on behalf of Defendant, Steve Pylant, Sheriff of Franklin Parish, Louisiana, ("Pylant"), pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs, Keith and Debbie Hopkins, oppose this motion. For the reasons assigned below, Pylant's Motion to Dismiss is **DENIED**.

## Introduction

Plaintiffs bring this suit against Pylant and two other defendants pursuant to 42 U.S.C § 1983. Plaintiffs contend that the defendants violated their constitutional rights by unlawfully entering, taking, and/or vandalizing Plaintiffs' property while Plaintiffs were out of the state. Although the other defendants have answered Plaintiffs' complaint [Docs. #10 & 11], Pylant seeks dismissal of the claims against him on the ground that the complaint fails to state a claim.

## Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6) a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A pleading will survive a Rule 12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its

1

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The court must accept all of the plaintiff's allegations as true. *Twombly*, 550 U.S. at 550. However, the plaintiff's pleading must contain more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

## Discussion

In his motion to dismiss, Pylant contends that the claims against him should be dismissed for two reasons: (1) "Plaintiffs have failed to assert how Pylant breached any legal duty that he owed to the plaintiffs or how he personally violated any constitutional rights of plaintiff;" and (2) "Pylant is entitled to qualified immunity, which shields him from any unsubstantiated claims before the disruptive process of discovery is initiated." [Doc. #12-1 at 6]. Neither argument is persuasive.

First, Plaintiffs only bring claims against Pylant in his official capacity, not in his personal capacity. A suit against a state or municipal officer in his official capacity represents "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Consequently, Plaintiffs' claim against Steve Pylant in his official capacity as Sheriff of Franklin Parish is the equivalent of a claim against Franklin Parish. Under § 1983, parishes are not liable under a theory of *respondeat superior* for the tortious acts of their employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). As the Fifth Circuit has explained:

2

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that her injuries resulted from the execution of the official policy or custom.

*Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997). Consequently, Plaintiffs only need to allege a custom or policy for *Monell* liability; allegations of specific actions taken by Pylant personally are unnecessary for a claim against him in his official capacity.

Second, "[q]ualified immunity is available to an officer when he is sued in his individual capacity but not in his official capacity." *Poole v. City of Shreveport*, 2011 WL 202116, at *6, n. 10 (W.D. La. Jan. 18, 2011). Because Plaintiffs only allege claims against Pylant in his official position as Sheriff of Franklin Parish, qualified immunity is not an applicable defense. Pylant's contention that qualified immunity protects him from suit in this case is misplaced as the complaint alleges violations by municipal policy, not unlawful action by Pylant personally.[1]

The question to be determined, then, is whether Plaintiffs have sufficiently pleaded a claim for relief against a municipality. The Supreme Court has repeatedly stated that § 1983 suits against municipalities are not subject to a heightened pleading standard. *Jones v. Bock*, 549 U.S. 199, 212-13 (2007); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993). "Instead, a plaintiff need only comply with the notice pleading requirements by presenting

---

[1] To the extent Plaintiffs' complaint attempts to make a claim against Pylant in his personal capacity such a claim is dismissed. Pylant is correct in arguing that "Plaintiffs make no allegations against Sheriff Pylant, never identifying him except in the first paragraph where he is named as a defendant." [Doc. #15-2 at 3]. The complaint is devoid of any allegation, much less plausible allegations, that Pylant's actions violated Plaintiffs' constitutional rights. Accordingly, the complaint does not state a claim against Pylant in his individual capacity.

a 'short and plain statement of the claims showing that the pleader is entitled to relief.'" *Charles v. Galliano*, 2010 WL 3430519, at *6 (E.D. La. Aug. 26, 2010) (quoting *Jones v. Bock*). Nonetheless, a "plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County, Texas*, 981 F.2d 237, 245 (5th Cir. 1993). "Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights." *Zara v. Strain*, 2011 WL 723409, at *2 (E.D. La. Feb. 22, 2011) (emphasis in original). "The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller*, 130 F.3d at 167.

While Plaintiffs' complaint is not an model of clarity, it does allege sufficient facts of municipal liability to survive Defendant's motion to dismiss. In particular, Plaintiffs' allege that a "conspiracy and collusion" existed between the Franklin Parish Sheriff's Department and Ellis Robinson and that this conspiracy or collusion led to the violation of Plaintiffs' constitutional rights as a result of the unlawful search and damage to the Gilbert home. The description of the alleged custom or policy is not conclusory; it provides more than a mere recitation of the existence of a policy or custom. Plaintiffs allege that a conspiracy or collusion–the specific type of custom or policy–between the Franklin Parish Sheriff's Department and the Robinsons caused the damage to their property. That allegation meets the *Spiller* standard. Furthermore, this allegation is sufficiently plausible; if the Franklin Parish Sheriff's Department did have a policy or custom of conspiring or colluding and such activity led to a destruction of property then Plaintiffs could plausibly recover under § 1983.[2] The motion to dismiss must be denied.

---

[2] At this stage dismissing the claim because more facts or proof may be necessary would be inappropriate, but if Plaintiffs are unable to show, with supporting evidence, the Franklin Parish Sheriff's Department's inviolate custom or policy and how it caused their injuries then summary judgment may be an appropriate eventual vehicle for

**Conclusion**

For the reasons assigned above, Defendant's Motion to Dismiss [Doc. #12] is **DENIED**.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

dismissing the claim.

5